HON. MAURICE L. NOYAR Mayor, Larchmont
HON. LAWRENCE LOWY Trustee, Larchmont
We acknowledge receipt of your letters stating that in April, 1977, at the organizational meeting of your village board of trustees, no appointment was made to the position of village attorney and that the village attorney who has held that position for several years has not resigned or been removed from office by the mayor. Mayor Noyer inquires whether the attorney may continue to act as village attorney or whether the village is now without a village attorney. Trustee Lowy inquires whether, if the position of village attorney had been declared vacant by resolution of the board of trustees of the village, the trustees may pay the attorney for services rendered subsequent to that action.
This office issued an informal opinion reported in 1974 Op. Atty. Gen. 204 in which we stated that the village attorney is a village employee (as distinguished from a village officer) but does not have any right of tenure under the Civil Service Law or any right to a hearing on charges and specifications before being discharged; we also gave our opinion that as the appointment of a village attorney under Village Law §4-400, subd. 1, par. c is a mayor's appointment subject only to approval by the board of trustees, the mayor alone has the power to remove the village attorney and this power is not subject to consent or approval by the board of trustees. A copy of that opinion is enclosed for your convenience.
In another informal opinion of this office, reported in 1974 Op. Atty. Gen. 164, copy also enclosed for your convenience, we gave our opinion that employees in the unclassified service or the exempt class of the Civil Service hold their positions at the will of the appointing agency and the employment continues until terminated by a subsequent appointment or by removal and also that the fact that the resolution or order making an appointment of an employee specifies a termination date of the employment is irrelevant to the question of continuation of employment beyond the specified termination date.
In our opinion, if your village attorney has not resigned or been removed by the mayor or has not been succeeded by a new appointee to that position, the village attorney continues in that employment and is entitled to the pay for the position; however, if the mayor voted affirmatively on a motion to declare the position of village attorney to be vacant, that would be tantamount to a removal of the village attorney by the mayor, the position is vacant and the attorney is not entitled to receive any salary for the period subsequent to the resolution.